**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Jose Danilo Rosa, on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br><br>– vs. –<br><br>CYA Management LLC, CYA Management Group, LLC, 2701 Marion Realty LLC, 2705 Marion Realty LLC, 360 East 195 Realty LLC, Charles Abramson, Ismael Ayala, and John Does #1-10,<br><br>Defendants. | DOCKET NO. 18-CV-7512<br><br>**COMPLAINT** |

Plaintiff Jose Danilo Rosa, by and through his undersigned attorneys, for his complaint against defendants CYA Management LLC, CYA Management Group, LLC, 2701 Marion Realty LLC, 2705 Marion Realty LLC, 360 East 195 Realty LLC, Charles Abramson, Ismael Ayala, and John Does #1-10, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.  Mr. Rosa alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants CYA Management LLC, CYA Management Group, LLC, 2701 Marion Realty LLC, 2705 Marion Realty LLC, 360 East 195 Realty LLC, Charles Abramson, Ismael Ayala, and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage; (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.  Mr. Rosa further alleges that he is entitled to compensation for (i) wages paid at less than the statutory minimum wage under the New York Labor Law; (ii) overtime compensation for hours worked in excess of forty hours per week; (iii) liquidated damages pursuant to New York Labor Law for these violations; and (iv) compensation under the New York Labor Law for defendants' violation of the Wage Theft Prevention Act.

## **THE PARTIES**

3.    Mr. Rosa is an adult individual residing in the Bronx, New York.

4.    Mr. Rosa consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5.    Upon information and belief, defendant CYA Management LLC is a New York company with a principal place of business at 11 Avenue F, Brooklyn, New York.

6.    Upon information and belief, defendant CYA Management Group, LLC is a New York company with a principal place of business at 11 Avenue F, Brooklyn, New York.

7.    Upon information and belief, defendant 2701 Marion Realty LLC is a New York company with a principal place of business at 11 Avenue F, Brooklyn, New York

8.    Upon information and belief, defendant 2705 Marion Realty LLC is a New York company with a principal place of business at 11 Avenue F, Brooklyn, New York

9.    Upon information and belief, defendant 360 East 195 Realty LLC is a New York company with a principal place of business at 11 Avenue F, Brooklyn, New York

10.    At all relevant times, defendants CYA Management LLC, CYA Management Group, LLC, 2701 Marion Realty LLC,

2705 Marion Realty LLC, and 360 East 195 Realty LLC (collectively, the "CYA defendants") have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. Upon information and belief, at all relevant times, the CYA defendants have had gross revenues in excess of $500,000.00.

12. Upon information and belief, at all relevant times herein, the CYA defendants have used goods and materials produced in interstate commerce, and have employed at least two individuals who handled such goods and materials.

13. At all relevant times, the CYA defendants shared common ownership and management, common offices and personnel, and operated for a common business purpose.

14. Upon information and belief, at all relevant times, the CYA defendants have constituted a single "enterprise" as defined in the FLSA.

15. Upon information and belief, defendant Charles Abramson is the owner or a part owner and principal of the CYA defendants, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

16.  Defendant Charles Abramson was involved in the day-to-day operations of the CYA defendants and played an active role in managing the businesses.

17.  Upon information and belief, defendant Ismael Ayala is the owner or a part owner and principal of the CYA defendants, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

18.  Defendant Ismael Ayala was involved in the day-to-day operations of the CYA defendants and played an active role in managing the businesses.

19.  For instance, Charles Abramson set Mr. Rosa's pay, while Ismael Ayala hired Mr. Rosa, maintained his employment records, paid him each week, and supervised his work.

20.  Upon information and belief, defendants John Does #1-10 represent the other owners, officers, directors, members, and/or managing agents of the CYA defendants, whose identities are unknown at this time, who participated in the day-to-day operations of defendants, who have the power to hire and fire employees, set wages and schedules, and retain their records.

21.  Defendants constituted "employers" of Mr. Rosa as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

22.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Rosa's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Mr. Rosa's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

23.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants do business in this district and the events which give rise to this action took place in this district.

## COLLECTIVE ACTION ALLEGATIONS

24.  Pursuant to 29 U.S.C. § 206 and § 207, Mr. Rosa seeks to prosecute his FLSA claims as a collective action on behalf of a group of individuals defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since August 10, 2015, to the entry of judgment in this case (the "Collective Action Period"), who were building services employee, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

25.  The Collective Action Members are similarly situated to Mr. Rosa in that they were employed by defendants as porters, and were denied payment at the

statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

26. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

27. Mr. Rosa and the Collective Action Members perform or performed similar primary duties, and were subjected to the same policies and practices by defendants.

28. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## **FACTS**

29. At all relevant times herein, the CYA defendants owned and managed residential properties in New York, including buildings in the Bronx located at 2701 Marion Ave., 2705 Marion Ave., and 360 East 195th Street.

30. Mr. Rosa has been employed by the CYA defendants since approximately March 2017.

31. Mr. Rosa has been employed as a building porter.

32. Mr. Rosa was assigned to perform porter duties at each of the buildings located in the Bronx at 2701 Marion Ave., 2705 Marion Ave., and 360 East 195th Street.

33. In addition to those above-described building sassignments, Mr. Rosa was occasionally sent to perform services at other buildings owned and operated by defendants.

34. Mr. Rosa performed the normal duties of porters, including but not limited to assisting the building superintendents, sweeping and mopping, taking out the garbage, shoveling snow in winter, and handling and separating the recycling.

35. Mr. Rosa's work was performed in the normal course of defendants' businesses and was integrated into the businesses of defendants, and did not involve executive or administrative responsibilities.

36. At all relevant times herein, Mr. Rosa was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

37. On weekdays, Mr. Rosa generally worked about 12 hours per day. On Saturdays, he typically worked about 9 hours. And on Sundays, he generally worked 3 hours.

38. As a result, in most weeks of his employment Mr. Rosa worked approximately 72 hours.

39.  Defendants did not provide a time clock, sign in sheet, or any other method for building services employees to track their time worked.

40.  Mr. Rosa was paid a semimonthly salary throughout his employment, at a rate of $700 each pay period, except that for the first month of his employment he was only paid $600 per pay period.

41.  As a result, Mr. Rosa's effective rate of pay was below the statutory federal and New York minimum wage in effect at all relevant times.

42.  Defendants' failure to pay Mr. Rosa an amount at least equal to the federal or New York minimum wage in effect during relevant time periods was willful, and lacked a good faith basis.

43.  In addition, defendants failed to pay Mr. Rosa any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA; this omission also violated Mr. Rosa's rights under the New York Labor Law, and the supporting New York State Department of Labor regulations.

44.  Defendants' failure to pay Mr. Rosa the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

45.  Mr. Rosa was paid by check, but the checks were business checks rather than payroll checks and were not accompanied by paystubs reflecting his hours worked.

46.  Mr. Rosa typically received two $350 checks each pay period, with each of the two checks issued by a different entity.  Specifically, his checks would be issued each pay period by two out of three of 2701 Marion Realty LLC, 2705 Marion Realty LLC, and/or 360 East 195 Realty LLC.

47.  However, regardless of which entity was issuing paychecks to Mr. Rosa, paperwork regarding Mr. Rosa's work assignments typically listed CYA Management LLC or CYA Management Group LLC on it, and nothing about Mr. Rosa's employment changed regardless of which entity was issuing his checks.

48.  Defendants failed to provide Mr. Rosa with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, Mr. Rosa's regular and overtime rates, and intended allowances claimed – and failed to obtain Mr. Rosa's signature acknowledging the same, upon plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

49. Defendants failed to provide Mr. Rosa with accurate, compliant weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

50. Throughout the period of Mr. Rosa's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Rosa (the Collective Action Members) as building services employees, in positions that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

51. Defendants applied the same employment policies, practices, and procedures to the Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

52. Defendants have likewise failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

53. These other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times

their regular hourly rate in violation of the FLSA and the New York Labor Law.

54. Upon information and belief, these other individuals were not provided with required wage notices, and were not provided with accurate, compliant weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

55. Upon information and belief, while defendants employed Mr. Rosa and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees, and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

<u>**COUNT I**</u>

<u>**(Fair Labor Standards Act – Minimum Wage)**</u>

56. Mr. Rosa, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

57. At all relevant times, defendants employed Mr. Rosa and the Collective Action Members within the meaning of the FLSA.

58.  Defendants failed to pay a salary greater than the minimum wage to Mr. Rosa and the Collective Action Members for all hours worked.

59.  As a result of defendants' willful failure to compensate Mr. Rosa and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

60.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

61.  Due to defendants' FLSA violations, Mr. Rosa and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

62.  Mr. Rosa repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

63. At all relevant times, Mr. Rosa was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

64. Defendants willfully violated the rights of Mr. Rosa by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and his regulations.

65. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

66. Due to defendants' New York Labor Law violations, Mr. Rosa is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

67. Mr. Rosa, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

68. At all relevant times, defendants employed Mr. Rosa and each of the Collective Action Members within the meaning of the FLSA.

69. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

70. As a result of defendants' willful failure to compensate their employees, including Mr. Rosa and the Collective Action Members, at a rate at least one-and-one-half times their lawful regular rates of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

71. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

72. Due to defendants' FLSA violations, Mr. Rosa and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs

and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

73. Mr. Rosa repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

74. At all relevant times, Mr. Rosa was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

75. Defendants willfully violated Mr. Rosa's rights throughout his employment by failing to pay him overtime compensation at rates at least one-and-one-half times his lawful regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R § 141.

76. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

77. Due to defendants' New York Labor Law violations, Mr. Rosa is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of

the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Wage Theft Prevention Act)

78.  Mr. Rosa repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

79.  At all relevant times, Mr. Rosa was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

80.  Defendants willfully violated Mr. Rosa's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

81.  Defendants willfully violated the rights of Mr. Rosa by failing to provide him with compliant wage statements/paystubs required by the Wage Theft Prevention Act at any time during his employment.

82.  Due to defendants' New York Labor Law violations relating to the failure to provide compliant paystubs, Mr. Rosa is entitled to recover from the defendants statutory damages $250 per day from February 27, 2015 through the end of his employment, up to the maximum statutory damages.

83.   Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Rosa is entitled to recover from the defendants statutory damages of $50 per day from February 27, 2015 to the termination of his employment, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Rosa respectfully request that this Court grant the following relief:

    a.   Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Rosa and his counsel to represent the Collective Action members;

    b.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with their, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and NYLL;

e. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and NYLL;

f. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g. Liquidated damages for defendants' New York Labor Law violations;

h. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

i. Back pay;

j. Punitive damages;

k.  An award of prejudgment and postjudgment interest;

l.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.  Such other, further, and different relief as this Court deems just and proper.

Dated:  August 10, 2018

_____
David Stein (DS-2119)
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiff

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of CYA Management and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de CYA Management y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Jose Danilo Rosa

Date:  May 23, 2018